HALL ET AL. *v.* COLLART.

(Decided February 6, 1928.)

*Mr. John A. Elden,* for plaintiffs in error.
*Messrs. White, Cannon & Spieth,* for defendant in error.

VICKERY, J.   This cause comes into this court on a petition in error to the common pleas court of Cuyahoga county.

In the court below Norman M. Collart brought a suit against the two defendants for damages for a conspiracy to defraud, which he claimed amounted to $3,000.   It seems that Collart was the owner of a piece of real estate, and that Hall, one of the defendants, was a real estate agent; that Collart listed his property with Hall for sale at a cash price of $13,500; and that Hall assumed to get a purchaser for Collart's property.

Prior to this time Glen C. Watkins, the other defendant, had placed with Hall a mortgage of $5,000, which he was to dispose of.   After the real estate had been listed with him, Hall proceeded to procure a purchaser, and secured one Reinhart, to whom he offered to sell this property for the sum of $15,000, and Reinhart looked at the property and expressed a willingness to Hall to pay $15,000 for it.   Instead of Hall communicating this offer to Collart, he notified Collart that Reinhart was not interested, and immediately notified Watkins of the fact that, if he should buy this property that had been

listed with him by Collart, he (Watkins) could immediately turn it over to Reinhart and make the difference between what Collart got for it and what Reinhart was willing to pay for it. Hall, subsequently, although he had an offer from Reinhart to pay $15,000 for this property, got Collart to agree to accept a price of $12,400, and Hall then immediately entered into relations with Watkins, whereby Watkins was to assume to become the purchaser of the property; but as a matter of fact it was to be immediately turned over to Reinhart. The papers were all placed in escrow at the same time. Watkins had never seen the property, nor did he know anything about it, but was apparently acting in conjunction with Hall, and the result of it all was that the customer that Hall had procured while acting as agent of Collart was turned over to Watkins. The Collarts made a deed to Watkins, who immediately deeded it over to Reinhart, all in one consecutive transaction, and part of the purchase price, $300, I believe, which was received from Reinhart, went to make up part of the purchase price of Watkins to Collart.

Now, this was not known to the Collarts until after the whole thing was consummated. They paid Hall the sum of $400 for his commission.

A suit in conspiracy was then brought against Watkins and Hall to recover the difference between the $12,400 and the $15,000, which is $2,600, and also to recover the $400 that had been paid to Hall as commission. At the trial of the action the Collarts recovered a verdict for $1,100, which, apparently, was the difference between $12,400 that the Collarts got for the property and the $13,500 at which it had

been listed with Hall. ` Just upon what basis judgment was rendered we are not advised.

The defendant in error is not complaining. The plaintiffs in error complain largely upon the charge of the court, and the complaint seems to be that the court did not submit to the jury a charge that they might bring a verdict against Hall alone, or against one of the parties alone.

An examination of this record will show that at no time did either party ask for a charge that would warrant the jury in bringing a verdict against either party, not both. In other words, the plaintiffs in error permitted the court to submit the case to the jury solely upon the ground of conspiracy, and this charge was certainly in their favor as given by the court, and on this point we conceive it to have been the duty of the plaintiffs in error to have asked the court to charge specifically that the jury might find against one defendant, and not against the other; and, not having done so, thinking perhaps that the charge would be beneficial to them as given, they cannot now avail themselves of what they permitted the court to do, without any suggestion that the charge given was not proper. In other words, if there was any error, it was error of omission, and not of commission, and the party who claims error, not having asked anything further, cannot now complain.

Therefore, in the light of the circumstances of this case, one cannot see how the so-called error could be of avail to the plaintiffs in error.

There is no doubt that a suit might be brought in conspiracy against two, and a judgment be recovered against one; so the charge in this case was

stronger against the plaintiff below than the court was warranted in giving. If the record is true in this case, there is no doubt that Hall was guilty of a breach of duty, and, whether there had been a conspiracy with Watkins or not, that is, assuming Watkins to have been an innocent party, a recovery could be had against Hall. Now the court submitted this case to the jury on the theory that there was a conspiracy, and held that before the plaintiff could recover against either party he must prove that there was a conspiracy, and that Watkins participated in this conspiracy, and on that issue alone the case was submitted to the jury. Now we say that was a stronger charge against plaintiff below than the court was warranted in giving, but how the plaintiffs in error can complain about that is a little difficult to understand. We think in this record there is abundance of evidence, and of inferences to be drawn from the acts of the parties, that there was collusion and a conspiracy between Watkins and Hall. Now, remember that Watkins, in so far as the record shows, was a stranger to this property. When he took it over, he did so on the advice of Hall, whom he knew to be the agent of the Collarts, and knowing that he had procured a purchaser as agent of the Collarts. Watkins, when taking title in his own name, knew that he could turn the property over to a purchaser, who turned out to be Reinhart, for at least $2,600 more than the Collarts were getting for it, and Watkins knew that at the same time he could make a profit on, or at least dispose of, this mortgage that he had already put in Hall's hands to be disposed of. This whole thing went through escrow at the same time. How

Watkins could claim to be innocent of any collusion in this matter, as the record appears, we are not able to understand. At any event, the total result here was that the Collarts put this property into the hands of Hall as their agent, who, conniving with Watkins, succeeded in depriving the Collarts of a price of $15,000 for this property, and they should have received a verdict against somebody for the difference between $12,400 and the $15,000 that Reinhart actually paid for this property.

We have gone over this record, and can see no error that would warrant us in disturbing it. If there is any error at all, it was committed against the defendant in error, and not against the plaintiffs in error.

*Judgment affirmed.*

SULLIVAN, P. J., and LEVINE, J., concur.